UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN CODY,                                    Case No. 12-14381

        Plaintiff,                          Lawrence P. Zatkoff
v.                                              United States District Judge

DAVID BERGH,                                    Michael Hluchaniuk
                                                United States Magistrate Judge

        Defendant,
_____/

**REPORT AND RECOMMENDATION**
**DENIAL OF WRIT OF MANDAMUS AND DISMISSAL OF PETITION**

Petitioner Nathan Cody has filed a *pro se* petition for mandamus against the warden of the prison where he is housed.  (Dkt. 1).  Petitioner is currently in the custody of the Michigan Department of Corrections.  This matter was referred to the undersigned for all pretrial proceedings by District Judge Lawrence P. Zatkoff. (Dkt. 3).

While this action purports to be against the warden, Petitioner asks for an order compelling the Kent County Circuit Court to provide certain documents (relating to his original conviction).  According to Petitioner, he seeks to challenge the jurisdiction of the alleged "one man grand jury" that was used to indict him in 1975.  According to Petitioner, there is insufficient evidence to establish that the state court had jurisdiction to proceed.

"[F]ederal courts may not issue writs of mandamus to compel state officers to act in accordance with state law." *Hoffman v. Stump*, 1998 WL 869972, *6 (6th Cir. 1998), citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Parker v. Phillips*, 27 Fed. Appx. 491, 494 (6th Cir. 2001) ("Federal courts . . . have no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties."). Therefore, this Court lacks authority to issue a writ of mandamus to compel the Kent County Circuit Court, a non-party, to release records or perform any other duties.

The undersigned declines to construe the petition for mandamus as seeking habeas corpus relief because Petitioner does not allege that his claims are exhausted and it does not appear that they are. The undersigned **RECOMMENDS** that the Court dismiss the petition for mandamus without prejudice to petitioner's right to file a petition for habeas corpus relief.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

2

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 7, 2013                     s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

  I certify that on <u>November 7, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Not applicable</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Nathan Cody, ID# 149581, LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
